# EXHIBIT 1

Spriggs 25 YEARS Hollingsworth

Spriggs & Hollingsworth
1350 I Street, NW
Washington, DC 20005

tel. 202.898.5800
fax 202.682.1639
www.spriggs.com

David J. Taylor
202.898.5838
davidtaylor@spriggs.com

December 7, 2006

General Counsel
Government Accountability Office
441 G Street, N.W.
Washington, D.C. 20548

Attn: Procurement Law Control Group

Sent to: protests@gao.gov

**Re: Protest by Shirlington Limousine & Transport, Inc.**

| | |
|---|---|
| Solicitation No.: | HSHQDC-07-R-00009 |
| Agency: | U.S. Department of Homeland Security<br>Office of Procurement Operations<br>Operations Acquisition Division |

Dear General Counsel:

In this pre-award protest, this firm represents Shirlington Limousine & Transport, Inc. ("Shirlington"), which is headquartered at 717 D Street NW, Suite 300, Washington, DC 20004. Shirlington's contact information is:

| | |
|---|---|
| Telephone: | 1-800-418-9098 |
| Fax: | 202-248-0722 |
| E-mail: | shirlimo@aol.com |

Shirlington hereby protests Solicitation Number HSHQDC-07-R-00009 (the "Solicitation") issued by the United States Department of Homeland Security ("DHS"), on the grounds that (i) the Solicitation violates the terms of the Historically Underutilized Business Zone ("HUBZone") Act, 15 U.S.C. § 657a and FAR 19.1305 by failing to restrict competition to HUBZone small business concerns; and (ii) the Solicitation's facility requirements are unduly restrictive.

Under the Solicitation, the date and time for receipt of proposals is December 12, 2006, at 2 p.m. Accordingly, this protest is timely under 4 C.F.R. § 21.2.

Shirlington is an interested party under 4 C.F.R. § 21.1, as it intends to submit a proposal in response to the Solicitation and its direct economic interest would be affected by award or failure to award a contract; Shirlington also is the "incumbent" contractor performing the same services for a portion of DHS' transportation needs under an existing contract, Contract No. HSHQDC-05-C-00036 (the "Existing Contract").

The timely filing of this protest by Shirlington effectuates an automatic stay that bars DHS from making an award under the Solicitation. FAR 33.104(b).

## I. <u>Factual Background</u>

### A. History of HUBZone Program

Shirlington is a certified HUBZone small business concern. The United States Court of Federal Claims has succinctly summarized the history of the program for Historically Underutilized Businesses, in which Shirlington participates:

> In 1997 Congress passed the Historically Underutilized Business Zone ("HUBZone") Act . . . The Act established the HUBZone program, the purpose of which "is to provide Federal contracting assistance for qualified small business concerns located in historically underutilized business zones, in an effort to increase employment opportunities, investment, and economic development in those areas." The Small Business Administration ("SBA") is responsible for certifying qualified firms as HUBZone small business concerns . . . Once a firm is HUBZone certified and its name appears on the SBA's List of Qualified HUBZone Small Business Concerns, the firm is eligible for HUBZone preferences.

*J & H Reinforcing & Structural Erectors, Inc. v. United States*, 50 Fed. Cl. 570, 571 (2001) (citations omitted). Under this program, Shirlington has had the opportunity to flourish as a business when doing so might otherwise not have been possible. Because of the opportunities the HUBZone program creates for small businesses and the communities which they serve, it is Congressionally mandated that it be utilized to the maximum extent practicable. Unfortunately, government agencies sometimes fail to follow this mandate.

### B. The Existing Contract

On October 25, 2005, DHS awarded Shirlington the Existing Contract, which was solicited as a HUBZone small business set aside, for providing transportation services to DHS employees within the District of Columbia and surrounding areas. The contract had a one-year base period with 4 one-year options. DHS has since modified the contract, and Shirlington began performing a 9-month option period, called Option 1A, on October 27, 2006. Option period 1A ends on July 26, 2007 and potentially will be followed by an additional 3-month option period, Option 1B.

Under the Existing Contract, Shirlington has been providing DHS two distinct types of transportation services. First, Shirlington has been operating, according to schedules delineated in the contract, shuttle buses that transport DHS employees among the agency's various offices. As required by the Existing Contract, Shirlington supplies the shuttle buses. The 5 routes followed by these buses are defined in the contract and are referred to as the Tenleytown, Glebe Road, Vermont Avenue, North, and South routes, with 5 additional buses on the U.S. Coast Guard route. In addition, Shirlington has been providing executive sedan services, which are used to transport authorized staff to and from any location within the DC metropolitan area.

Unlike the shuttle buses, DHS leases the sedans, and Shirlington manages the personnel. The sedan services do not follow a preordained route or schedule.

Shirlington, as the incumbent contractor, has performed and continues to perform admirably all services required under the Existing Contract. Shirlington implemented and executed many of the goals and initiatives that are now currently being used as the benchmark for the Solicitation. It is evident that the company has proven itself to be fully competent and consistent in its efforts to maintain a transportation system that has been categorized by DHS officials as "perfect". It would, therefore, be in the best interests of the government to have Shirlington continue to administer the Existing Contract.

### C. The Solicitation

On November 20, 2006, DHS issued the protested Solicitation as a request for proposals, under which DHS intends to award multiple, fixed unit price, indefinite quantity/indefinite delivery contracts for providing transportation services to DHS employees within the District of Columbia and surrounding areas. Request for Proposals ("RFP") at 3. The contract to be awarded under the Solicitation will, if indeed awarded, bear resemblance to Shirlington's Existing Contract. For example, the Solicitation seeks both shuttle bus service and executive sedan service on behalf of DHS employees. In contrast to the Existing Contract, however, separate contracts will be awarded for the shuttle and sedan services under the Solicitation. Also, in addition to the shuttle bus routes currently serviced by Shirlington, the new contract includes two additional routes. RFP at 7; RFP, Att. 1. While these differences may appear to be minor, some of the dissimilarities between the services sought by the Solicitation and those already being rendered by Shirlington present problems.

The Solicitation requests that all shuttle buses be ADA compliant. This is an excessive cost to the government and is not necessary to meet the requirements for government compliance. Small businesses are, for the most part, exempt from the ADA requirements regarding vehicle configuration. To the extent that any DHS employees require ADA-compliant buses, such can be supplied for those routes. The solicitation should be modified to state that ADA-compliant vehicles will be supplied for those routes that require such equipment.

The sedan services sought under the Solicitation ostensibly mirror those already provided by Shirlington under the Existing Contract, with one exception. Under the Existing Contract, in accord with common practice, the government leases the sedans. The Solicitation, in contrast, requires the contractor to lease the sedans. For several reasons, it is not practicable for a contractor to provide its own sedans:

1. Courtesy and discounts are provided exclusively on 4 door sedans from major car companies such as General Motors, Ford Motor Company and Chrysler. These companies offer exclusive sizable discounts to the federal government, which lowers the price point charged to the government. A contractor is not able to receive such a discount; therefore, the increased cost would be passed on to the government.

2. The government's routine purchasing of sedans allows the government to self-insure each vehicle, thereby providing major cost reduction in light of mounting insurance costs.

3. The government-leasing program would prevent the assessments that are required to register and regulate the vehicles with local and state governments. If required to purchase the vehicles, the contractor would be forced to pass on costs associated with such assessments to the government.

4. Government leasing of the 4 door sedans progressively keeps the quality control and quality assurance program up-to-date and in line with contract requirements after the normal two- to three-year lease period has expired.

5. The parts and maintenance program extended to the government for discounts would ultimately create a major savings to the government and an additional monetary value for the government.

In conclusion, there would be a substantial cost to the government if a contractor were responsible for leasing the sedans to perform the new contract. In fact, at a combined rate of $60.00 per hour (conservative estimate) for vehicle and driver, over the course of five years, the government potentially would incur a cost of $12,815,850.00, based on the anticipated hours provided in the Solicitation. This would be wasteful and ineffective spending. However, if the government were to provide the vehicles under the Fleet Leasing Program, the potential cost to the government would be reduced by approximately 50%.

As shown above, several of the Solicitation's provisions fundamentally are flawed.

## II. Grounds for Protest

### A. Failure to Set Aside Solicitation for HUBZone Small Businesses

As a government agency, DHS must comply with the provisions of the HUBZone Act and Federal Acquisition Regulation (the "FAR") when procuring contracts for the government. While the FAR generally encourages full and open competition, the regulations sometimes limit competition amongst potential offerors. In certain circumstances, for instance, agencies must restrict the pool of offerors for a solicitation based on characteristics such as size or ownership of the business. This is called "setting aside" the contract. For example, Congress has enacted legislation under which a "contract opportunity *shall be awarded* . . . on the basis of competition restricted to qualified HUBZone small business concern" where certain requirements are met. 15 U.S.C. § 657a(b)(2) (emphasis supplied). As recognized by the United States Court of Appeals for the Ninth Circuit, use of the word "shall" with respect to the HUBZone set aside program shows that such set asides are mandatory when the requirements enumerated in 15 U.S.C. § 657a(b)(2) are fulfilled. Contract Management, Inc. v. Rumsfeld, 434 F.3d 1145, 1147 (9th Cir. 2006) ("The HUBZone Program . . . *commands in unequivocal terms* that a contract opportunity be designated as a HUBZone set-aside when" the requirements listed by Congress are met.) (emphasis supplied).

The HUBZone set aside requirements are laid out in FAR 19.1305, which implements the aforementioned statute. Under FAR 19.1305, a contract "shall" be set aside for HUBZone small businesses where the contracting officer has "a reasonable expectation that (1) [o]ffers will be received from two or more HUBZone small business concerns; and (2) [a]ward will be made at a

fair market price." FAR 19.1305(a), (b). The FAR reiterates the HUBZone set aside program laid out by Congress, using equally "unequivocal" terms as to the mandatory nature of the program. See also SWR, Inc., B-294266, Oct. 6, 2004, 2004 CPD ¶ 219 ("Acquisitions *must* be set aside for HUBZone small business concerns if the agency determines" that the requirements of FAR 19.1305 are fulfilled) (emphasis supplied); Professional Landscape Management Services, Inc., B-287728.2, Nov. 2, 2001, 2001 CPD ¶ 180 ("In light of the *requirement* at [FAR] 19.1305(a) and (b), that contracting agencies set aside for HUBZone small businesses all procurements exceeding $100,000...") (emphasis supplied); Intermark, Inc., B-290925, Oct. 23, 2002, 2002 CPD ¶ 180 (discussing the difference between set asides that an agency "shall"—i.e., must—implement, versus those agencies "may" implement); Saturn Landscape Plus, Inc., B-297450.3, April 18, 2006, 2006 CPD ¶ 70 (The FAR "*requires* agencies to set aside for HUBZone firms any acquisition exceeding the simplified acquisition threshold" where the requirements of FAR 19.1305 are met) (emphasis supplied). Therefore, if the DHS contracting officer anticipated fairly priced bids from at least two HUBZone businesses for this Solicitation, it was required to set it aside for such businesses.

DHS has stated in the Solicitation the types of businesses it deems qualified to perform the contract, listing two applicable NAICS codes: 485999 and 485320. A search of the Central Contractor Registration website reveals a total of 21 active SBA Certified HUBZone companies listed under these NAICS codes. [Att. A] The abundance of eligible HUBZone offerors weighs heavily against DHS's determination that this Solicitation should not have been set aside in accordance with FAR 19.305. Its error is even more glaring given that 3 of the eligible firms actually are located in the District of Columbia, where the contract is to be performed.

Rather than appropriately setting aside the Solicitation for HUBZone small businesses, DHS has implemented a general small business set aside. Where a HUBZone set aside is appropriate, however, it takes precedence over a small business set aside. FAR 19.305(a). See also USA Fabrics, Inc., B-295737, B-295737.2, April 19, 2005, 2005 CPD ¶ 82; Professional Landscape Management Services, Inc., B-287728.2, Nov. 2, 2001, 2001 CPD ¶ 180. Because a HUBZone set aside was required here, the Solicitation's terms violate the statute and the FAR, and the Solicitation is invalid. DHS must therefore withdraw the Solicitation or amend it to be set aside for HUBZone firms, and GAO should sustain the protest and direct DHS to do so immediately.

**B. Undue Restriction**

It has long been recognized that a solicitation for a government contract may not contain unduly restrictive requirements. Procuring agencies may include restrictive requirements in a solicitation "only to the extent they are necessary to satisfy the agencies' legitimate needs." Container Products Corp., B-28063.2, Nov. 4, 1998, 98-2 CPD ¶ 106 at 3 (citing 10 U.S.C. § 2305(a)(1)(B) (1994); Mossberg Corp., B-274059, Nov. 18, 1996, 96-2 CPD ¶ 189 at 2).

Without citing any relevant FAR provisions, the Solicitation requires all offerors to submit a "secure" facility plan for housing the vehicles to be used in performing the contract. RFP at 48. (As noted elsewhere, it would be far better for the government to own the sedans, provide its own secure garaging thereof, and have the contractor provide drivers, as is the current practice at DHS and most other government agencies. If DHS truly wants to provide protection

for the executives who will ride in these vehicles, that is both the more prudent, and by far less expensive, way to accomplish that goal.) DHS requires the facility plans to address the following factors: (a) For sedans—Perimeter, Interior, Intrusion Detection System, Electronic Access Control, Lighting, Video Surveillance, Signs; and (b) For shuttle buses—Perimeter, Gate/Fencing, Lighting, Signs. With respect to the sedan facility requirements, the "Electronic Access Control" element cannot be deemed "necessary to satisfy" DHS's needs. While all other factors listed by DHS conceivably relate to maintaining security of the vehicles—a concern itself beyond the purview of DHS, as the contractor, not DHS, will own all vehicles used in performing this contract (unless that improvident requirement is itself changed)—electronic access to the garages where sedans are kept cannot be deemed necessary to maintain such security. Because electronic access technology is superfluous in the context of this contract, it is not "necessary" and is therefore an undue restriction on competition. DHS must therefore cancel or amend the Solicitation to remedy this flaw.

## III. Relief Sought – Ruling by the Comptroller General

Shirlington has demonstrated herein that the Solicitation is fatally flawed because it violates the terms of FAR 19.1305 by setting aside the acquisition for small business rather than for HUBZone small business and because the Solicitation's requirements are unduly restrictive. Accordingly, the Solicitation should be canceled or amended to remedy these flaws. Shirlington should also be awarded its attorneys' fees herein.

Shirlington requests a ruling on this protest by the Comptroller General of the United States.

## IV. Service on Agency

A complete copy of this protest, including all attachments, is being furnished within one day to DHS by overnight mail and by electronic mail, to the person designated in the Solicitation as follows:

Victoria D. Short
Office of Procurement Operations
7th and D
245 Murray Lane, SW
Bldg. 410
Washington, DC 20528
victoria.short@dhs.gov

## V. Request for Documents

Shirlington requests that DHS produce all relevant documents relating to this procurement, including without limitation all relevant documents relating to the decision to set aside the acquisition for small business rather than HUBZone small business.

Respectfully submitted,

David J. Taylor
William J. Spriggs
Sharon M. Mills

Attachment 1

# ATTACHMENT 1

CCR Central Contractor Registration

## Search Results

**7 Companies Found for Code 485320, SBA Certified HUB Zone**

Search Again | Save Records | Print Records

**FOR OFFICIAL USE ONLY**

| INFO | DUNS | CAGE | Legal Business Name | CITY | ST | CNTRY |
|---|---|---|---|---|---|---|
| Detail | 006752294 | 1YDE6 | TOP NOTCH SECURITY INC | MEMPHIS | TN | USA |
| Detail | 022061027 | 8ALH0 | AMERIFUN | WICHITA | KS | USA |
| Detail | 130570752 | 3F4H5 | K&G MEETINGS & EVENTS, INC. | NORMAN | OK | USA |
| Detail | 557414323 | 3SXE0 | BEATTY'S SERVICES INC | HACKENSACK | NJ | USA |
| Detail | 614747660 | 48PJ6 | AMBUCARE OF WEST MICHIGAN, LLC | MUSKEGON | MI | USA |
| Detail | 624008715 | 4DSV1 | FCW GROUP | WASHINGTON | DC | USA |
| Detail | 796287423 | 3EAQ1 | SHIRLINGTON LIMOUSINE AND TRANSPORATION INC | WASHINGTON | DC | USA |

Search took 0.87 seconds

Return to Previous Page
Return to Search Page
Return to the CCR Home Page
Return to the BPN.gov Home Page

**FOR OFFICIAL USE ONLY**

**The Search function is designed for single inquiries only.** For information about products and services for mass inquiries or tailored extracts, access this site: TDP Extracts (excessive usage is monitored).

**Note to all users:** This is a Federal Government computer system. Use this system constitutes consent to monitoring at all times.

CCR Central Contractor Registration

## Search Results

**16 Companies Found for Code 485999, SBA Certified HUB Zone**

Search Again | Save Records | Print Records

**FOR OFFICIAL USE ONLY**

| INFO | DUNS | CAGE | Legal Business Name | CITY | ST | CNTRY |
|---|---|---|---|---|---|---|
| Detail | 036988470 | 3ZHT7 | YOUTH ON THE MOVE, LLC | SPRINGFIELD | MA | USA |
| Detail | 071795830 | 4KMA1 | AMERICAN NATIVE MEDICAL TRANSPORT | PERIDOT | AZ | USA |
| Detail | 098715878 | 1M7R0 | PERRY MANAGEMENT CORPORATION OF SOUTH DAKOTA LLC | HONOLULU | HI | USA |
| Detail | 112629373 | 3UCZ6 | BATTLE'S TRANSPORTATION, INC | WASHINGTON | DC | USA |
| Detail | 112641196 | 0BFK2 | S W R INC | TROY | AL | USA |
| Detail | 123124963 | 3MQY5 | HAPPY JAC'S MANAGEMENT SERVICES | ORANGEBURG | SC | USA |
| Detail | 132094306 | 3FVH9 | RANGER LAND SYSTEMS, INC. | HUNTSVILLE | AL | USA |
| Detail | 148219145 | 3WME0 | MERRITT EXPEDITERS | CAIRO | GA | USA |
| Detail | 168383920 | 32LY0 | STARLIGHT SERVICES, INC | HONOLULU | HI | USA |
| Detail | 622004893 | 0N1Y8 | WINCOR MANAGEMENT GROUP INC | DUNN | NC | USA |
| Detail | 624008715 | 4DSV1 | FCW GROUP | WASHINGTON | DC | USA |
| Detail | 796287423 | 3EAQ1 | SHIRLINGTON LIMOUSINE AND TRANSPORATION INC | WASHINGTON | DC | USA |
| Detail | 827706503 | 1WF91 | FRIENDSHIP TRANSPORTATION ENTERPRISE, INC | SAN DIEGO | CA | USA |
| Detail | 833271125 | 1CSQ6 | HAPPY TRAVELERS TOURS | WILSON | NC | USA |
| Detail | 878852391 | 011Z3 | VGA INCORPORATED | COLLEGE PARK | MD | USA |
| Detail | 938225604 | 01SK4 | MAGNA FORCE INC | PORT ANGELES | WA | USA |

Search took 3.94 seconds

Return to Previous Page
Return to Search Page
Return to the CCR Home Page
Return to the BPN.gov Home Page

**FOR OFFICIAL USE ONLY**

**The Search function is designed for single inquiries only.** For information about products and services for mass inquiries or tailored extracts, access this site: TDP Extracts (excessive usage is monitored).

**Note to all users:** This is a Federal Government computer system. Use this system constitutes consent to monitoring at all times.