# EXHIBIT 2

U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

FACSIMILE TRANSMISSION COVER SHEET

FROM: Lara H. Hudson
Attorney-Advisor
Office of General Counsel – Office of Procurement Law

DATE: January 22, 2007

Number of Pages: 14 (including cover sheet)

RE: B-299241, Shirlington Limousine and Transportation Inc.

TO:

Mr. Kenneth Kilgour
Office of the General Counsel
U.S. General Accountability Office
(202) 512-9749

Ms. Rose Anderson, Esq.
U.S. Department of Homeland Security
202-282-9186

Mr. David Taylor, Esq.
Counsel for Shirlington
Spriggs & Hollingsworth
202-682-1639

Mr. William T. Welch, Esq.
Counsel for Intervenor, Transcom, Inc.
Barton, Baker, McMahon and Tolle, LLP
703-448-3336

U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

January 22, 2007

**Via Facsimile**

Mr. Kenneth Kilgour, Esq.
Office of the General Counsel
U.S. General Accountability Office
Washington, DC 20548
(202) 512-9749

**RE: Comments to Agency Report, B-299241, Shirlington Limousine and Transportation Inc.**

Dear Mr. Kilgour:

On December 7, 2006, Shirlington Limousine and Transportation, Inc. ("Shirlington") filed a protest with the U.S. General Accountability Office ("GAO") concerning Solicitation No. HSHQDC-07-R-0009 which was issued by the U.S. Department of Homeland Security ("DHS"), Office of Procurement Operations ("OPO"). The solicitation is for the acquisition of transportation services for DHS and its components in the Washington D.C. Metropolitan Area ("D.C. Metro"). The protest alleges DHS violated sections of the Small Business Act ("the Act") by failing to restrict competition to Historically Underutilized Business Zone ("HUBZone") small business concerns ("SBCs").[1]

The U.S. Small Business Administration (SBA) is responding to the issue of competition presented in the protest, specifically whether or not the solicitation should have been a HUBZone set aside. Based upon our analysis of the facts, we believe that the RFP, issued as a small business set aside, should have been set aside for HUBZone businesses and the protest should be sustained.

## FACTS

Shirlington is the incumbent contractor providing transportation services to DHS.[2] On June 23, 2006, DHS' OPO issued a Request for Information ("RFI") on the federal procurement opportunities website, fedbizopps.gov. CO statement at 1. OPO received responses to the June 23, 2006 RFI from eleven small businesses, four indicated HUBZone SBC status. Id. On October 10, 2006 the OPO issued an amendment to the June 23, 2006 RFI which was issued for

---

[1] The protest raises a second issue pertaining to the solicitation's facility requirements being unduly restrictive which will not be addresses in this submission.

[2] Shirlington is currently performing on contract no. HSHQDC-05-C-00036 which was awarded October 25, 2005 as a HUBZone small business set aside providing transportation services for DHS employees within the D.C. Metropolitan Area.

information only purposes and a response to this RFI was NOT required or expected. Amendment 1 to RFI06-23-06 (emphasis added). CO statement. The amendment was to inform interested parties that responded to the RFI that the DHS acquisition would require all interested parties to have a Defense Industrial Security Clearance Office (DISCO) cleared Contractor Owned facility at time of award." Amendment 1 to RFI06-23-06 (emphasis added). On November 20, 2006, OPO posted the Request for Proposal ("RFP") on fedbizopps.gov for the DHS-Wide Transportation services requirement. CO statement at 2. The RFP stated that DHS intended to acquire these services using competitive small-business set-aside procedures and that "the solicitation will result in DHS awarding multiple awards, fixed unit price, indefinite delivery/indefinite quantity type contracts with a base period of one year and four option periods of one year each." Id. The best estimate of the contract value for this procurement (five year period) is $41 million. Id. On December 1, 2006, the OPO held a pre-proposal conference. CO statement at 3. According to the CO statement, twelve vendors attended the conference. Id. On November 28, December 4, and again on December 8, amendments were made to the solicitation incorporating power presentation slides from the pre-proposal conference, transitional language to the PWS, and the government's response to questions submitted in response to the solicitation. Id. On December 11, 2006 OPO was notified that a pre-award protest regarding the solicitation had been filed with GAO. Id. On December 19, 2006, (bid closing date) nine proposals were submitted. The bid opening and evaluations are postponed pending the results of the protest. Id.

In addition to the CO statement, the Agency report contains affidavits from the Director of the Office of Small and Disadvantaged Business Utilization (OSDBU) for DHS and the Director of OPO. Both statements are similar in nature and address the decision making process not to make the solicitation a HUBZone set aside. According to the statements, the CO, OSDBU Director and OPO Director worked in concert in the decision making. The CO, OPO Director and OSDBU Director reviewed the history of the two previous contracts at DHS[3] and the results of the RFI. OPO and OSDBU affidavits. Both Directors state that "under the first DHS HQ contract only one Offeror was a HUBZone certified firm and that the company, [Shirlington] had difficulty initially performing on the contract." Id. These comments are footnoted with a clarification that Shirlington has successfully performed on both contracts.[4] OSDBU and OPO affidavits footnote 1. According to Agency report, four HUBZone SBCs responded to the RFI and, based on the information they submitted, DHS' previous experience with two of the firms, and additional research conducted through the Consolidated Contractor Registry ("CCR") and Small Business Administration Databases, DHS "determined these firms were relatively small and only one firm had actually performed contracts that were similar to the existing DHS HQ contract."[5] OSDBU and OPO affidavits. According to the affidavits the Agency determined that the four HUBZone SBCs that responded to the RFI were not capable to perform on the contract. Id. Both the OPO and OSDBU Director's concluded that "conducting the procurement under a HUBZone sole source or competitive set aside presented a high degree of risk of the government not receiving adequate proposals." OPO affidavit. In support of the decision, they concluded

[3] The contracts are not defined but it is presumed that both the contracts pertain to transportation services for DHS HQ employees. According to the OPO affidavit the two previous contracts were HUBZone set asides.
[4] The Agency report contains no evidence to support the existence of a performance issue with Shirlington.
[5] The specific "SBA databases" are not supplied and the Agency report does not contain the results of these searches. Additionally, it is not clear from the evidence presented whether DHS contacted SBA directly, or utilized the PCR in conducting the market research. There is no evidence that DHS contacted the HUBZone firms.

Protected Material – To Be Disclosed Only in Accordance with GAO Protective Order

that the additional information obtained confirmed that a HUBZone set aside would be "too difficult and too expensive for HUBZone set asides." OSDBU Director and OPO Director affidavits. No evidence of this additional information is provided in the Agency report.

On November 20, 2006, OPO posted the RFP on fedbizopps for DHS-Wide Transportation services requirement. After the CO issued the solicitation as a total small business set-aside but before the bid closing date, Shirlington filed the protest with GAO.

## ANALYSIS

The purpose of the HUBZone program is to provide federal contracting assistance for qualified SBCs located in historically underutilized business zones in an effort to increase employment opportunities, investment, and economic development in such areas. 13 C.F.R. § 126.100, *see also* 48 C.F.R. § 19.1301(b). HUBZone SBCs are eligible for federal government contractual assistance, including limited sole source awards, HUBZone set-asides, and a price evaluation preference in full and open competition. 15 U.S.C. § 657a(b); 13 C.F.R. § 126.600. The Small Business Act provides that "a contract opportunity shall be awarded pursuant to this section on the basis of competition restricted to qualified HUBZone small business concerns if the contracting officer has a reasonable expectation that not less than 2 qualified HUBZone small business concerns will submit offers and that the award can be made at a fair market price;. . . ." Id. § 657a(b)(2)(B); see also 13 C.F.R. § 126.607(The contracting officer shall set aside the requirement for HUBZone, 8(a) or SDVO SBC contracting before setting aside the requirement as a small business set-aside. If the contracting officer decides to set aside the requirement for competition restricted to qualified HUBZone SBCs, the contracting officer must have a reasonable expectation after reviewing SBA's list of qualified HUBZone SBCs that at least two responsible qualified HUBZone SBCs will submit offers; and determine that award can be made at fair market price.); 48 C.F.R. § 19.1305(a) & (b) (emphasis added). The Federal Acquisition Regulations (FAR) provides:

> For acquisitions exceeding the simplified acquisition threshold, the requirement to set aside an acquisition for HUBZone small business concerns (see 19.1305) takes priority over the requirement to set aside the acquisition for small business concerns.

48 C.F.R. § 19.501(c); 13 C.F.R. § 126.609. (emphasis added).

Status as a qualified HUBZone small business concern is determined by SBA in accordance with 13 C.F.R. § 126. Qualified HUBZone SBCs are identified by running a search on CCR/DSBS (*http://dsbs.sba.gov/dsbs/dsp_dsbs.cfm*) and are listed on the HUBZone Web page at *https://eweb1.sba.gov/hubzone/internet/general/approved-firms.cfm*. In addition, requesters may obtain a copy of the List by writing to the AA/HUB at U.S. Small Business Administration, 409 3rd Street, SW., Washington, DC 20416 or at *hubzone@sba.gov*. 13 C.F.R. § 126.307.

Shirlington has argued that the solicitation at issue should have been reserved for HUBZone SBCs pursuant to the above statutory and regulatory provisions, rather than reserved

for SBCs. SBA agrees that the solicitation at issue should have been reserved for HUBZone and DHS failed to follow the HUBZone set aside procedures.

The pertinent HUBZone set aside procedures as prescribed at 48 C.F.R § 19.1305 state the following;

(a) A participating agency contracting officer shall set aside acquisitions exceeding the simplified acquisition threshold for competition restricted to HUBZone small business concerns when the requirements of paragraph (b) of this section can be satisfied. The contracting officer shall consider HUBZone set-asides before considering HUBZone sole source awards (see 19.1306) or small business set-asides (see subpart 19.5).

(b) To set aside an acquisition for competition restricted to HUBZone small business concerns, the contracting officer must have a reasonable expectation that—

(1) Offers will be received from two or more HUBZone small business concerns; and

(2) Award will be made at a fair market price.

***

(d) If the contracting officer receives only one acceptable offer from a qualified HUBZone small business concern in response to a set aside, the contracting officer should make an award to that concern. If the contracting officer receives no acceptable offers from HUBZone small business concerns, the HUBZone set-aside shall be withdrawn and the requirement, if still valid, set aside for small business concerns, as appropriate (see subpart 19.5).

The GAO has stated in its opinions that it regards the CO's determination on whether he or she has a reasonable expectation that at least two HUBZone SBCs will submit offers and award can be made at fair market price "as a matter of business judgment within the agency's discretion, which [GAO] will not disturb absent a clear showing that it has been abused." Global Solutions Network, Inc., B-292568, 2003 CPD ¶ 174 (Oct. 3, 2003). GAO has stated that "[i]t is well settled that an assessment not to set a procurement aside must be based on sufficient facts to establish its reasonableness." Professional Landscape Management Services, Inc. – Costs, B-287728.2, 2001 CPD ¶ 180 (Nov. 2, 2001). GAO has "found unreasonable the determination to issue a solicitation on an unrestricted basis where that determination is based upon outdated or incomplete information." Marketing & Management Information, Inc., B-283399.2 , 99-2 CPD ¶ 105, (Nov. 30, 1999)(citations omitted).[6]

With respect to how the CO makes his or her determination to set-aside an acquisition for HUBZone SBCs, the GAO has stated that:

[6] We believe the same is true where the CO decides to issue the solicitation as a small business set-aside as opposed to a HUBZone set-aside, for example.

> An agency must make reasonable efforts to ascertain whether it will receive offers from at least two HUBZone small business concerns with the capabilities to perform the work, and we will review a protest to determine whether the agency has done so. [Citation omitted]. Nonetheless, we think that the use of any particular method of assessing the availability of HUBZone small businesses is not required, and measures such as prior procurement history, market surveys, and advice from the SBA may all constitute adequate grounds for a contracting officer's decision not to set aside a procurement. [Citation omitted].

Global Solutions Network, Inc., supra. Likewise, the FAR requires the CO to utilize any or all of several different techniques for conducting market research. 48 C.F.R. § 10.002(b)(2). However, when making set-aside decisions, agencies need not make either actual determinations of responsibility or decisions tantamount to determinations of responsibility, however; rather, they need only make an informed business judgment that there is a reasonable expectation of receiving acceptably priced offers from small business concerns that are capable of performing the contract. SAB, Co., 2000 CPD ¶ 58, B- 283883 (Jan 20, 2000).

GAO has sustained protests challenging an agency decision not to set aside procurement for HUBZone small businesses is sustained where decision was based on insufficient facts to establish reasonableness of conclusion that there are not two or more HUBZone business concerns interested in performing the requirement, or that contract would not be awarded at fair market price. USA Fabrics, Inc., B- 295,737, B- 295737.2 (April 19, 2005). SBA notes that the level of effort necessary to determine whether two or more HUBZone SBCs will submit offers and award can be made at fair market price is not burdensome. This effort should include contacting the agency SBA procurement center representative, or if there is none, the SBA. 48 C.F.R. § 19.202-2.

Although DHS stated that its determination not to set aside is based on evidence that the HUBZones that responded lacked capability, there is no evidence to support these conclusions. It appears that the decision not to set aside the procurement for HUBZone SBCs was based on outdated and incomplete information. It is not apparent from the information presented in the Agency report that adequate market research was conducted by DHS that would lead to a reasonable expectation that offers would not be received from HUBZone SBC. The evidence that is presented seems to indicate that there are, in fact, two or more HUBZone concerns interested in performing the requirement.

DHS posted the RFI on June 23, 2006 and asked interested firms to submit a capability package identifying six core criteria.[7] DHS indicated that it received responses from eleven small businesses. Four of the small businesses indicated that they were HUBZone certified.[8] After the responses were received, the OPO issued an amendment to the RFI which changed the requirements and specifically encouraged interested firms not to reply or provide additional

[7] The interested firms were asked to identify the following: a) core services, including NAICS codes; b) key personnel; c) corporate experience, and a listing of existing or previous contracts for similar type services; d) type of business; e) current facility security clearance level for overnight parking of vehicles and busses; and f) drivers with suitability determinations.

[8] CO states that the fourth firm was not HUBZone certified based on a check of the SBA databases but does not specify which databases and what information they may or may not contain.

information. DHS indicated it was conducting research through issuing the RFI; however, it fails to explain why it discouraged responses (and cut off additional market research), especially with the change in facility requirements and its reliance on this single requirement to determine "capability". SBA notes that the information requested in the RFI did not include the DISCO clearance requirement. The Agency report does not contain any information pertaining to the capability packages submitted by the firms.[9] DHS stated that of the four HUBZone SBCs that responded to the RFI, one of the firms is the incumbent contractor; one of the firms submitted a proposal for the existing transportation services contract;[10] one of the firms had shuttle experience but appeared not to have executive sedan services experience.[11] Finally, one of the firms did not appear as a HUBZone in the CCR.[12] DHS does not submit data in support of these findings and the summary of the information collected is limited to the eleven firms that responded to the RFI.

CCR and the Dynamic Small Business Search are a important sources for conducting market research on SBCs. Although the CCR website was created primarily for the U.S. Department of Defense, COs from other agencies use CCR and now the Dynamic Small Business Search as part of their market research when determining whether to set-aside an acquisition for SBCs. The CO indicates that the CCR and SBA databases were accessed but the information gained was limited solely to the firms that responded to the RFI. Although the Agency report indicates that the CO searched CCR there is no information provided indicating the results of those searches.[13] A search of CCR revealed that there are potentially thirty three HUBZone certified SBCs.[14] Attachment 1 (CCR search of HUBZone SBCs listing North American Industry Classification System (NAICS) codes 485999 and 485320, the NAICS codes for the procurement at issue).

We believe that DHS fails to establish that it performed adequate market research or that its decision was based on a lack of interest from the HUBZone community. The Agency report lacks evidence that research was conducted to determine the existence of HUBZones other than the four that responded to the RFI.

The evidence that is contained in the Agency report clearly shows that two or more HUBZone business concerns were interested in performing the requirement. DHS fails to articulate a reasonable basis for ignoring this fact. DHS justifies its determination on the basis that firms other than HUBZone, including non-HUBZone incumbent contractors could

---

[9] It appears that the determination was based on the information gained in response to the original RFI but the information is not provided.

[10] It is not clear how this information pertains to the existing requirement which DHS indicated is dissimilar to the previous transportation requirements.

[11] No evidence to support this analysis is provided.

[12] DHS stated that "further research verified that this company is not certified HUBZone". DHS does not provide information concerning what research was conducted.

[13] The Agency report refers to SBA databases but does not specify which databases and what information they may or may not contain.

[14] The SBA search results were performed on January 16, 2007. The search criteria indicated those NAICS code provided in DHS' solicitation and for firms that are currently HUBZone certified.

participate in this procurement.[15] See OSDBU affidavit at 2. DHS also argues that the HUBZone SBCs that responded were not capable of performing on the contract due to lack of a DISCO clearance; however, DHS fails to provide the quantitative data to support its findings. The conclusions made by the OPO and OSDBU Directors that there were "a lack of offers from HUBZone firms capable of performing the work and fulfilling the requirements" and that they "found the acquisition would be too difficult and too expensive for HUBZone concerns" are not supported by the evidence in the Agency report. The information upon which DHS basis its conclusion not to set aside for HUBZone is inadequate and appears to be limited to the eleven SBCs that responded to the RFI despite the existence of thirty-three SBCs in the CCR database. Furthermore, a decision as to responsibility (capability) is decided by SBA and is based on the information the concerns submit in their offers, not in a response to an RFI or based on information contained in an unidentified database. Additionally, DHS does not provide evidence of how it ascertained that the firms could not meet the requirement by time of award. The evidence presented does not justify DHS' determination not to make the procurement a HUBZone set aside.

The regulations pertaining to HUBZone set aside acquisitions state that a participating agency contracting officer shall set aside acquisitions exceeding the simplified acquisition threshold for competition restricted to HUBZone small business concerns when the contracting officer has a reasonable expectation that offers will be received from two or more HUBZone small business concerns; and award will be made at a fair market price.[16] The determination is based on whether there is the reasonable expectation that offers will be received, not based on an arbitrary decision on the part of the agency that a class of businesses is incapable of performing on a contract.

In sum, the minimal market research performed by the CO was restricted to those concerns that responded to the RFI. Because it is not evident from the record that the CO searched CCR, or any other similar type database when conducting market research beyond the eleven identified firms, or contacted the SBA or any HUBZone SBCs to determine their capability, we do not believe the agency has proven that its market research was sufficient or reasonable. See Information Ventures, Inc., B-294267 (Oct. 8, 2004) (CO did not make a reasonable effort to survey the market for SBCs when she failed to consult CCR, SBA or the OSDBU when performing market research and did not review the capabilities of the SBCs that had expressed an interest in the contract); cf. Marketing & Management Information, Inc., 2000 CPD ¶ 82, B-283399.4 (May 18, 200) (CO's market research was reasonable where he questioned SBCs that responded to CBD notice and solicited information from 25 SBCs identified by PRO-Net under the applicable size code).

GAO has ruled on a similar issue in SWR, Inc., B-294266 (Oct. 6, 2004). In that protest, the agency reserved the requirement for SBCs rather than HUBZone SBCs. The protester argued that the requirement should have been reserved for HUBZone SBCs. The GAO ruled that the agency failed to conduct adequate market research, and recommended the CO consider whether

[15] This conclusion is not supported by any evidence and is contrary to the intent of the HUBZone contract assistance program. Furthermore, it is likely that less SBCs would submit bids on a procurement on the sole basis that there is too much competition, i.e. all small businesses versus only HUBZone.
[16] The issue of fair market price has not been raised in this protest.

fair market price offers will be obtained from at least two capable HUBZone small business concerns. Id. The GAO recommended the CO conduct, at a minimum, a more thorough review of the capability and interest of the HUBZone concerns of which the agency already is aware. Id.(emphasis added). Here, the CO's market research was inadequate and a much more thorough review of the capability and interest of HUBZone SBCs which responded to the RFI is required. In addition, the CO should expand her market research to include, at a minimum, a review of CCR and other HUBZone SBCs that may be interested.

## CONCLUSION

For the foregoing reasons, we believe the protest should be sustained.

Respectfully submitted,

Lara H. Hudson, Esq.
Attorney-Advisor
U.S. Small Business Administration
409 Third Street, SW
Fifth Floor
Washington, DC 20416
ph: (202) 619-0564
fax: (202) 481-XXXX
e-mail: lara.hudson@sba.gov

Enclosures

cc (by facsimile):

Rose Anderson, Esq.
U.S. Department of Homeland Security
202-282-9186

David Taylor, Esq.
Counsel for Shirlington
Spriggs & Hollingsworth
202-682-1639

William T. Welch, Esq.
Counsel for Intervenor, Transcom, Inc.
Barton, Baker, McMahon and Tolle, LLP
703-448-3336

# SBA Search Results

Privacy Statement

## Table Listing, where

the firm is active in searches;
the firm has any of these NAICS codes: 485320;
the firm is currently HUBZone-certified;
and randomized by original start time of search: 2007-01-16 02:38:02 PM.

Data validation took 0.01 seconds. The count and search queries took 0.08 seconds and 0.07 seconds, respectively.

Displaying firms 1 - 11 (of 11 firms matching criteria):

| View | Name and Trade Name of Firm | Contact | Address and City, State Zip | Capabilities Narrat |
|---|---|---|---|---|
| 1 | LARRY J. HERVEY, DBA - HERVEY'S EXPRESS TRANSPORTATION | Larry J. Hervey | 903 Pearl Street<br>P. O. Box 633<br>Cleveland, MS 38732-4243 | Transportation of Passengers Bus, Vans, and Limousines. |
| 2 | TOP NOTCH SECURITY INC | ALFRED WASHINGTON | 4821 AMERICAN WAY STE 301<br>MEMPHIS, TN 38118-2454 | Top Notch provides profession unarmed security personnel ar services |
| 3 | BEATTYS SERVICES INC | MYNEIKA WHITE | 127 W 127TH ST<br>NEW YORK, NY 10027-3723 | |
| 4 | PARADISE LIMOUSINE LLC | JOHN A. LIMTIACO | 17-3311 CORSAIR RD.<br>BARRIGADA, GU 96913-0000 | Paradise Limousine LLC provi transportation services and ma Services include limousine anc passenger transport and the re types of fleet equipment. |
| 5 | AMBUCARE OF WEST MICHIGAN, LLC | DEBRA ERICKSON | 1244 WOOD STREET<br>MUSKEGON, MI 49442-3529 | providing specialized wheelch transportation for all mobility cl communities to enable all acce medical/non-medical needs. |
| 6 | FCW GROUP | FCW GROUP | 1220 MOUNT OLIVET RD NE<br>WASHINGTON, DC 20002-7801 | |
| 7 | BEATTY'S SERVICES, INC<br>O C DEMPSEY SCHOOL | MYNEIKA WHITE | 100 ALLEN ST<br>HACKENSACK, NJ 07601-1603 | THESE ARE THE FOLLOWIN SERVICES THAT BEATTY'S INC. CAN PROVIDE IN OUR HUMAN RESOURCE EXPERI TEMPORARY CLEARICAL ST AGENCY,JANITORIAL, CATERING,MANAGEMENT,V SERVICES. |
| 8 | SLM CONSULTING | SAMALA P. PARKER | 2406 MUNCY CIR<br>HYATTSVILLE, MD 20785-2753 | SLM Consulting delivers vario services/products to the goverr other agencies. Customer serv specialty. We will deliver office toiletries; and various other prc your office and stock them as |

| | | | | |
|---|---|---|---|---|
| | | | | needed. |
| 9 | AMERIFUN | SHAWN TREMBLAY | 1044 S. WICHITA WICHITA, KS 67213-5322 | |
| 10 | K&G MEETINGS & EVENTS, INC. | KENNETH D. MAYNOR | 813 HAWKS NEST DRIVE NORMAN, OK 73072-8111 | *Planning and Implementing meetings*Comprehensive exh site management*Printing mee materials*Site selection*Freigh Planning Themed Events*Aud Multimedia coordination*Airline Logistics*On-line reg. |
| 11 | SHIRLINGTON LIMOUSINE AND TRANSPORATION INC | LUCRETIA A. PEARCE | 717 D STREET, NW, SUITE 300 425 8TH STREET, NW, SUITE 227 WASHINGTON, DC 20004-2113 | Shirlington Limousine & Trans provides full ground transporta shuttle bus, limousine rentals, bus services. Shirlington emph customer service, ensuring the excellent, safe service. |

No more matches [Refine Search]

[Save E-mail Addresses for All]

delimited by:

- (•) semi-colon and space (Windows Outlook)
- ( ) comma and space (Macintosh Outlook, other e-mailers)
- ( ) new line (Excel/database, vertical, best for mail-merge data source)
- ( ) tab (Excel/database, horizontal, but changed to spaces by Netscape 4)

Please notify CCR if you discover any inaccurate contact information (address, e-mail address, fax or phone number) in the way most convenient for you:

CCR Customer Service Contact Information
Toll-Free Phone Number 1-888-227-2423
Outside U.S.: 1-269-961-4725
CCR Email: ccr@dlis.dla.mil

The structure of this page was last updated 12/19/2006, as part of Small Business Source System 6.1.1.

# SBA Search Results

Privacy Statement

## Table Listing, where

the firm is active in searches;
the firm has any of these NAICS codes: 485999;
the firm is currently HUBZone-certified;
and randomized by original start time of search: 2007-01-16 02:37:07 PM.

Data validation took 0.01 seconds. The count and search queries took 0.13 seconds and 0.11 seconds, respectively.

Displaying firms 1 - 22 (of 22 firms matching criteria):

| View | Name and Trade Name of Firm | Contact | Address and City, State Zip | Capabilities Narrative |
|---|---|---|---|---|
| 1 | SMITH, DAVID L.<br>D & L TRANSPORT | DAVID L. SMITH/ D L TRANSPORT | 7144 STATE RT 23<br>P.O. BOX 111<br>PIKETON, OH 45661-0111 | veteran-owned, HUB-Zone firm that specializes in trucking, transport/logistics of material, courier services, and shuttle bus transportation. |
| 2 | S W R INC | TIM SWINDALL | 13652 US HIGHWAY 231<br>TROY, AL 36081-9101 | SWR is a services management corporation for the Federal Government. |
| 3 | BATTLE"S TRANSPORTATION, INC | MCKINLEY BATTLE | 2020 FAIRVIEW AVE NE STE 1<br>WASHINGTON, DC 20002-1655 | |
| 4 | HAPPY TRAVELERS TOURS | BOBBY G. TURNAGE | 312 GREEN ST E<br>WILSON, NC 27893-4106 | |
| 5 | LARRY J. HERVEY, DBA - HERVEY'S EXPRESS TRANSPORTATION | Larry J. Hervey | 903 Pearl Street<br>P. O. Box 633<br>Cleveland, MS 38732-4243 | Transportation of Passengers by Charter Bus, Vans, and Limousines. |
| 6 | WOLFPACK FIRE SPECIALISTS | TYSON T. RUNNINGWOLF | 4444 DELBONITA STAR RTE<br>BROWNING, MT 59417-2912 | |
| 7 | CASCADE MECHANICAL INC. | PHILLIP N SANCHEZ | 100 HAMPSTEAD DR<br>BROOKSVILLE, FL 34602-8213 | Commercial/Institutional building construction, industrial building construction,site preparation contractors, all other specialty trade contractors, perform as a design/build contractor |
| 8 | WILMA HAM<br>KREATIVE TRAVEL AND TOURS | WILMA HAM | 852 SONGBIRD LN<br>HARTSVILLE, SC 29550-8428 | PROVIDES 7 DAY, 24 HOURS Emergency travel CALL CENTER SERVICES. |

| | | | | |
|---|---|---|---|---|
| 9 | VGA INCORPORATED VGA ENTERP. | VINCE AKINS | 4423 LEHIGH RD STE 170 COLLEGE PARK, MD 20740-3127 | Shuttle Bus Service, Valet Parking, Handicapp and Patient Transportation Services, Courier Services and Parking Attendant and Monitor Services |
| 10 | INTELLIGENT PRODUCTS, INC. | | 3033 BOURKE STREET DETROIT, MI 48238 | Contract Assembly Service for custom electronics systems, cables, wiring harness assemblies, and miscellaneous equipments. |
| 11 | FRIENDSHIP TRANSPORTATION ENTERPRISE, INC | KEVIN FONSECA | 4970 MARKET ST SAN DIEGO, CA 92102-4719 | Provide Alternative Transportation Services, (Commuter Bus Service, Employee Shuttle Service, Airport Service and Charter Service) |
| 12 | HAPPY JAC'S MANAGEMENT SERVICES | JOHN CUNNINGHAM | 116 WHITTAKER PKWY ORANGEBURG, SC 29115-5662 | |
| 13 | MERRITT EXPEDITERS | PEGGY MERRITT | 2873 GA HIGHWAY 93 S CAIRO, GA 39828-7029 | Business to provide courier, distribution, and transportation services |
| 14 | FCW GROUP | FCW GROUP | 1220 MOUNT OLIVET RD NE WASHINGTON, DC 20002-7801 | |
| 15 | VISION OF SOUTH MANAGEMENT INC | BREL CLARK II | 1403 WARM SPRINGS RD STE D COLUMBUS, GA 31904-0000 | |
| 16 | PERRY MANAGEMENT CORPORATION OF SOUTH DAKOTA LLC GOVERNMENT SERVICES GROUP | HARLAND J. PERRY | 1585 HAU ST 2ND FL HONOLULU, HI 96817-4914 | Housing Maintenance; Base Operating Support Services; Food Services; Commissary Services; Custodial Services; Refuse Collection/Disposal; Recycling Operations; Transient Aircraft Maintenance; Facility Operation & Maintenance; Airfield Management. |
| 17 | WINCOR MANAGEMENT GROUP, INC WESTBROOK INDUSTRIES | ALLEN WESTBROOK | 701 E BRD ST DUNN, NC 28334-2307 | Janitorial/Custodial Services, Mechanical Maintenance, Property Management, Management Services for businesses and lease of machinary. |
| 18 | YOUTH ON THE MOVE, LLC | JANICE BROWN | 1104 STATE STREET 451 EASTERN AVE SPRINGFIELD, MA 01109-2731 | Transportation Company for Children Special need, elderly |
| 19 | AMERICAN NATIVE MEDICAL | ROSS N. DIA | 36 COCHISE AVE | non-emergent and emergent medical |

| | | | | |
|---|---|---|---|---|
| | TRANSPORT | | PERIDOT, AZ 85542-0000 | transports |
| 20 | SHIRLINGTON LIMOUSINE AND TRANSPORATION INC | LUCRETIA A. PEARCE | 717 D STREET, NW, SUITE 300<br>425 8TH STREET, NW, SUITE 227<br>WASHINGTON, DC 20004-2113 | Shirlington Limousine & Transportation, Inc. provides full ground transportation,including shuttle bus, limousine rentals, and charter bus services. Shirlington emphasizes total customer service, ensuring the client excellent, safe service. |
| 21 | MAGNA FORCE INC | JO KLINSKI | 2602 W 18TH ST<br>PORT ANGELES, WA 98363-1348 | |
| 22 | RANGER LAND SYSTEMS, INC. | DENNIS SUGGS | 2707 ARTIE ST BLDG 300 STE 9<br>HUNTSVILLE, AL 35805-4761 | Ranger provides maintenance, logistics, supply chain management to include inspection and repair of Heavy Combat and Tactical Vehicles and supply support activities. |

No more matches [Refine Search]

[Save E-mail Addresses for All]

delimited by:

- (●) semi-colon and space (Windows Outlook)
- ( ) comma and space (Macintosh Outlook, other e-mailers)
- ( ) new line (Excel/database, vertical, best for mail-merge data source)
- ( ) tab (Excel/database, horizontal, but changed to spaces by Netscape 4)

Please notify CCR if you discover any inaccurate contact information (address, e-mail address, fax or phone number) in the way most convenient for you:

CCR Customer Service Contact Information
Toll-Free Phone Number 1-888-227-2423
Outside U.S.: 1-269-961-4725
CCR Email: ccr@dlis.dla.mil

The structure of this page was last updated 12/19/2006, as part of Small Business Source System 6.1.1.