IN THE UNITED STATES COURT OF FEDERAL CLAIMS
*Bid Protest*

| | | |
|---|---|---|
| SHIRLINGTON LIMOUSINE & TRANSPORTATION, INC, Plaintiff, | ) | |
| v. | ) | No. 07-220C Judge Braden |
| THE UNITED STATES. Defendant. | ) | |

**MEMORANDUM ON JURISDICTION**

Plaintiff, Shirlington Limousine & Transportation, Inc. ("Shirlington"), through its undersigned counsel, files this memorandum to articulate the basis for this Court's jurisdiction over its pre-award bid protest. This memorandum is being provided pursuant to the Court's request.

**STATUTORY BASIS OF JURISDICTION**

Plaintiff's Complaint stated that this court has jurisdiction under 28 USC §1491(b)(1), which states:

> Both the Unites [sic] States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contact or to a proposed award or to the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

That statute had a further provision, at 28 USC § 1491(d):

> Sunset Provisions
>
> Section 12(d) of Pub. L. 104-320 provided that: "The jurisdiction of the district courts of the United States over the actions described in section 1491(b)(1) of title 28, United States Code . . . shall terminate on January 1, 2001 unless extended by Congress. The savings provisions in subsection (e) . . . shall apply if the bid protest jurisdiction of the district courts of the United States terminates under this subsection . . ."

The Congress did not extend district court jurisdiction and, since January 1, 2001, the Court of Federal Claims has had exclusive bid protest jurisdiction, both pre- and post-award.

**ARGUMENT**

As stated above, the Tucker Act, as amended by the Administrative Dispute Resolution Act of 1996 ("ADRA"), authorizes the United States Court of Federal Claims to render jurisdiction over complaints alleging violations of statutes or regulation in connection with a procurement or a proposed procurement. 28 U.S.C. § 1491(b)(1). Thus, it is well-settled that "[t]he Court of Federal Claims has jurisdiction to hear both pre-award and post-award bid protests pursuant to 28 U.S.C. § 1491(b) . . ." *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1350 (Fed. Cir. 2004). In fact, as a result of the ADRA, the U.S. Court of Federal Claims is the sole judicial forum for both pre-award and post-award bid protests. *Id.*; *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1080 (Fed. Cir. 2001).

Plaintiff's Complaint alleges that the Department of Homeland Security violated Federal Acquisition Regulation ("FAR") § 19.1305(a), (b) and 15 U.S.C. § 657a(b)(2) by failing to set-aside the Solicitation for a HUBZone small business concern. These allegations provide the basis for the Court to exercise jurisdiction, pursuant to 28 U.S.C. § 1491(b)(1).

**A. This Court has Jurisdiction over Pre-Award Protests**

The United States Court of Appeals for the Federal Circuit has concluded that the Court of Federal claims has jurisdiction over pre-award protests. *Id.* A brief examination of the history of procurement litigation helps explain how jurisdiction came to rest with this Court.

In 1940, the U.S. Supreme Court held that private parties lacked standing to bring suit challenging a government contract award for violation of procurement law. *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 125 (2004).

However, in 1970, the United States Court of Appeals for the District of Columbia Circuit held that in enacting the Administrative Procedure Act ("APA"), Congress had statutorily changed the rule of *Luken Steel* and that APA review of government procurement decisions was available in the district courts. *Scanwell Labs., Inc. v. Schaffer*, 424 F.2d 859 (D.C. Cir. 1970). Subsequently, disappointed bidders could challenge contract awards in the district courts, alleging violations of procurement laws or regulations, or for lack of rationality. The line of cases upholding this judicial review of post-award contracting decisions is commonly referred to as the *Scanwell* line of cases.

In 1996, Congress passed the Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320 § 12, 110 Stat. 3870, 3874-76 (1996). The ADRA provided the Court of Federal Claims *and* the federal district courts with concurrent jurisdiction over bid protest actions. It also stated that the courts "shall review the agency's decision pursuant to the standards set forth in section 706 of title 5" of the APA. *Id.*

However, the ADRA also contained a "sunset" provision which terminated federal district court jurisdiction over bid protests on January 1, 2001. Pub. L. No. 104-320, § 12(d), 110 Stat. at 3875. This sunset provision was included so as to prevent forum shopping and to

promote uniformity in government procurement award law. *Emery Worldwide*, 264 F.3d at 1079. The legislative history of the ADRA reflects the fact that the sunset provision will apply not only to bid protest actions, but also to all actions relating to government procurements. *Id.* (quoting Congressional Record statement of Senator Levin, stating: "After 4 years, the jurisdiction of the district courts would terminate, and the Court of Federal Claims would exercise judicial jurisdiction over procurement protests.") Thus, beginning January 1, 2001, exclusive jurisdiction for bid protests rests in the Court of Federal Claims. *Id.* (quoting *Novell, Inc. v. United States*, 109 F. Supp. 2d 22, 24-5 (D.D.C. 2000) stating: "[T]here is no longer. . . APA-based jurisdiction for the district courts in government bid protest cases; rather, Congress effectively subsumed APA jurisdiction of the district courts into the more specific jurisdictional language of the ADRA."); *Goodwill Indus. Servs. Corp. v. Comm. for Purchase from People who are Blind or Severely Disabled*, 378 F. Supp. 2d 1290, 1297-8 (D. Colo. 2005).

Accordingly, "[t]he Court of Federal Claims has jurisdiction to review both pre-award and post-award bid protests pursuant to 28 U.S.C. § 1491(b), enacted as part of the" ADRA. *Banknote Corp.*, 365 F.3d at 1350.

**B. Pre-Award Bid Protests at the Court of Federal Claims**

Even prior to the 1996 amendments, the Court of Federal Claims and its predecessor courts had jurisdiction over pre-award bid protests; it was only post-award protests which went to the federal district courts under the *Scanwell* jurisdiction. *J.P. Francis & Assoc., Inc. v. U.S.*, 902 F.2d 740, 741 (9th Cir. 1990) (jurisdiction over pre-award cases is vested exclusively in the Claims Court); *Commercial Energies, Inc. v. Cheney*, 737 F. Supp. 78 (D. Colo. 1990) (it is unnecessary and improper to resort to legislative history to divine congressional intent when

meaning of statute is clear – by the plain language of the statute, the Claims Courts have "exclusive jurisdiction" [over pre-award bid protests].

This Court has also acknowledged on several occasions its continuing jurisdiction over pre-award bid protests following the 1996 amendments to the ADRA. *Seaborn Health Care, Inc. v. United States*, 55 Fed. Cl. 520, 523 (2003) ("This court's current jurisdiction over pre-award bid protests is founded on the Administrative Dispute Resolution Act, Pub. L. No. 104-320, 110 Stat. 3870 (1996) (codified at 28 U.S.C. § 1491(b)(1)"). In fact, since the 1996 amendments to the ADRA re-affirmed its pre-award bid protest jurisdiction and expanded its post-award jurisdiction, the Court of Federal Claims has entertained a variety of pre-award bid protests. *See e.g.*, *CHE Consulting, Inc. v. United States*, 74 Fed. Cl. 742 (2006) (challenging unduly restrictive Solicitation terms); *KSD, Inc. v. United States*, 72 Fed. Cl. 236 (2006) (challenging decision to use sole source contract); *MTB Group, Inc. v. United States*, 65 Fed. Cl. 516 (2005) (challenging procurement procedure as violating the Procurement Integrity Act, 41 U.S.C. § 423 (2000)).

Although this Court has not previously addressed a challenge based upon an agency's improper failure to set-aside a Solicitation for HUBZone small business concerns, it has heard bid protests addressing an agency's failure to set-aside a Solicitation for other contractors for whom, as a matter of public policy, preferences are given. *See e.g., MCS Mgmt., Inc. v. United States*, 48 Fed. Cl. 506 (2001) (challenging decision not to set-aside two solicitations exclusively for small businesses); *Nutech Laundry & Textile, Inc. v. United States*, 56 Fed. Cl. 588 (2003) (challenging agency decision to withdraw solicitation set-aside for small businesses and proceed with an unrestricted, full and open competition).

This extensive history of pre-award protests at the Court of Federal claims clearly demonstrates that the Court properly has jurisdiction over this pre-award protest regarding DHS' decision not to set-aside the Solicitation for competition among HUBZone small business concerns.

**CONCLUSION**

For the forgoing reasons, Plaintiff submits that jurisdiction over this bid-protest Complaint properly lies with this Court.

Respectfully submitted,

David J. Taylor
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., 9th Floor
Washington, D.C. 20005
Ph: (202) 898-5800
Fx: (202) 682-1639

Mr. Taylor's Direct Dial
(202) 898-5838

davidtaylor@spriggs.com

*Counsel of Record for Plaintiff*
*Shirlington Limousine & Transportation, Inc.*

April 6, 2007

OF COUNSEL:
William J. Spriggs
Katherine A. Schultz
Spriggs & Hollingsworth