No. 07-220C
(Judge Braden)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

SHIRLINGTON LIMOUSINE & TRANSPORTATION, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH EXPANDED DISCOVERY

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
tel: (202) 353-0513
fax: (202) 514-7976

Attorneys for Defendant

OF COUNSEL:

ROSE J. ANDERSON
Attorney Advisor
General Law Division
U.S. Department of Homeland Security
Washington, DC 20528

April 27, 2007

# TABLE OF CONTENTS

PAGE

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Shirlington Has Not Met Its Burden Of Demonstrating That It Is Entitled To Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. The Uncontested Facts In The Administrative Record Present A Simple Case Of An Untimely Filed Proposal . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1. The Delivery Location Was Clearly Set Forth In The Solicitation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. Additional Discovery Cannot Assist Shirlington In Meeting Any Of The Timeliness Exceptions Set Forth In FAR 15.208 . . . . . . . 5

B. The Administrative Record Is Complete And Adequately Explains The Agency's Refusal To Accept Shirlington's Untimely Proposal . . . . . . . . . 7

II. Shirlington Is Not Entitled to Depose Agency Employees Absent Specific Evidence Of Bad Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

A-Transport Northwest Co. v. United States,
27 Fed. Cl. 206 (1992) . . . . . . . . . . 10

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d 1234 (Fed. Cir. 2002) . . . . . . . . . . 10

Argencord Mach. & Equip., Inc. v. United States,
68 Fed. Cl. 167 (2005) . . . . . . . . . . 4

Asco-Falcon II Shipping Co., v. United States,
32 Fed. Cl. 595 (1994) . . . . . . . . . . 10, 11

Banknote Corp. of Am., Inc. v. United States,
365 F.3d 1345 (Fed. Cir. 2004) . . . . . . . . . . 5

Camp v. Pitts,
411 U.S. 138 (1973) . . . . . . . . . . 2

City of Tacoma Dept. of Pub. Utils. v. United States,
31 F.3d 1130 (Fed. Cir. 1994) . . . . . . . . . . 5

Community Heating & Plumbing Co., Inc. v. Kelso,
987 F.2d 1575 (Fed. Cir. 1993) . . . . . . . . . . 7, 8

Conscoop-Consorzia Fra Cooperative Di Prod. E Lavoro v. United States,
62 Fed. Cl. 219 (2004) . . . . . . . . . . 8

Florida Power & Light v. Lorion,
470 U.S. 729 (1985) . . . . . . . . . . 2

Four Points by Sheraton v. United States,
63 Fed. Cl. 341 (2005) . . . . . . . . . . 8

Hospital Klean of Texas, Inc. v. United States,
65 Fed. Cl. 618 (2005) . . . . . . . . . . 4

Impresa Construzioni Geom. Domenico Garufi v. United States,
238 F.3d 1324 (Fed. Cir. 2001) . . . . . . . . . . 2, 3

## TABLE OF AUTHORITIES
-continued-

**CASES** **PAGE(s)**

Information Technology & Applications Corp. v. United States,
316 F.3d 1312 (Fed. Cir. 2003) . . . . . . . . . . 10, 11

L.P. Consulting Group, Inc. v. United States,
66 Fed. Cl. 238 (2005) . . . . . . . . . . 10

Lions Raisins, Inc. v. United States,
51 Fed. Cl. 238 (2001) . . . . . . . . . . 2

Northrop Grumman Corp., v. United States,
50 Fed. Cl. 443 (2001) . . . . . . . . . . 2

Spezzaferro v. Fed. Aviation Admin.,
807 F.2d 169 (Fed. Cir. 1986) . . . . . . . . . . 10

Tech Systems, Inc. v. United States,
50 Fed. Cl. 216 (2001) . . . . . . . . . . 2

**STATUTES & REGULATIONS**

48 C.F.R. § 15.208(a) . . . . . . . . . . 4, 6, 7, 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| SHIRLINGTON LIMOUSINE & TRANSPORTATION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-220C |
| THE UNITED STATES, | ) | (Judge Braden) |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH EXPANDED DISCOVERY**

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following opposition to plaintiff Shirlington Limousine & Transportation, Inc.'s ("Shirlington") motion for leave to supplement the administrative record with expanded discovery, dated April 18, 2007.

**ARGUMENT**

Shirlington is not entitled to supplement the existing administrative record with the deposition of Frank Rumph, a contract specialist for the Department of Homeland Security ("DHS" or "Agency"), for several reasons. First, the discovery that Shirlington seeks cannot shed light upon the sole issue before the Court, namely whether Shirlington timely submitted its proposal in accordance with the solicitation and the Federal Acquisition Regulation ("FAR"). Second, because the administrative record contains uncontroverted evidence that Shirlington delivered its proposal to the wrong location, the discovery that Shirlington seeks is duplicative and not relevant to the issue before the Court. Finally, Shirlington has not met the heavy burden

of demonstrating that it is entitled to discovery regarding its allegations of Government misconduct.

## I. Shirlington Has Not Met Its Burden Of Demonstrating That It Is Entitled To Discovery

Discovery in a bid protest is not a matter of right. In a bid protest, the Court's review is limited to the already-existing administrative record. See Lions Raisins, Inc. v. United States, 51 Fed. Cl. 238, 246-47 (2001); Tech Systems, Inc. v. United States, 50 Fed. Cl. 216, 222 (2001) (explaining basis for summary judgment on the administrative record). In reviewing agency action under this narrow scope of review, "the focal point for judicial review should be the administrative record already in existence, not some record made initially by the reviewing court." Florida Power & Light v. Lorion, 470 U.S. 729-743-44 (1985); Northrop Grumman Corp., v. United States, 50 Fed. Cl. 443, 457 (2001) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)).

The Court of Appeals for the Federal Circuit has held that discovery is permissible only under extremely limited circumstances in bid protest cases. See Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001). The Federal Circuit specifically observed that "contracting officers are not obligated by the APA to provide written explanations for their actions." Id. at 1337. Consequently, a reviewing court may require an explanation of a contracting officer's decision, but only in rare cases. The starting point in determining whether to require an explanation of an agency decision is that "the agency decision is entitled to a presumption of regularity." Id. at 1338.

> Because of that presumption of regularity, the agency should not be required to provide an explanation unless that presumption has

> been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious.

Id. (emphasis supplied). Consequently, a protestor "necessarily bears a heavy burden" to establish that it should be permitted to take depositions of agency personnel. Id. Although the court in Impresa allowed the taking of one, extremely limited deposition, it noted that "[t]his is a most unusual case." Id. at 1341. As the court cautioned:

> [W]e wish to emphasize that such discovery of the contracting officer's reasoning is not lightly to be ordered and should not be ordered unless record evidence raises serious questions as to the rationality of the contracting officer's . . . determination.

Id. at 1340-41 (emphasis supplied).

Here, Shirlington has not met its burden of demonstrating that it is entitled to supplement the administrative record with additional deposition discovery of Mr. Rumph. Specifically, none of the grounds relied upon by Shirlington support the need for additional discovery in this case.

### A. The Uncontested Facts In The Administrative Record Present A Simple Case Of An Untimely Filed Proposal

Shirlington argues that this case "presents a complicated and complex set of facts because each of the three counts included in Plaintiff's Complaint are intertwined," implying that the Agency breached an "implied duty of good faith and fair dealing" when it refused to accept Shirlington's untimely-filed proposal. Mot. at 4. Aside from speciously raising issues of bad faith, Shirlington's characterization ignores the simple legal and factual issues at the threshold of this case.

The threshold issue before the Court is astonishingly simple: whether Shirlington possesses standing to bring this protest, when it failed to timely deliver its proposal to the correct

location as set forth in the solicitation. See Argencord Mach. & Equip., Inc. v. United States, 68 Fed. Cl. 167, 176 (2005) (holding that protestor that failed to timely submit a proposal lacks standing to challenge terms of the solicitation). The uncontested facts in the administrative record and in Shirlington's complaint establish that Shirlington did not timely deliver its proposal to the location set forth in the solicitation, as required by FAR 15.208.[1] Moreover, Shirlington cannot, as a matter of law, demonstrate that it falls within any of the timeliness exceptions set forth in that section. See generally FAR 15.208 (setting forth limited exceptions only for proposals "received at the Government installation designated for receipt of offers"); also Conscoop-Consorzia Fra Cooperative Di Prod. E Lavoro v. United States, 159 Fed. Appx. 184, 186 (Fed. Cir. 2005) (holding that agency was required to reject untimely offers and could not consider an untimely offer unless one or more limited exceptions applied).[2] The discovery sought by Shirlington has no bearing upon the issues before the Court and is not necessary for the Court to resolve the issues before it.

**1. The Delivery Location Was Clearly Set Forth In The Solicitation**

Shirlington relies upon the statement of Lucretia Pearce, attached to its motion, to imply that the delivery instructions in the solicitation were ambiguous. See Mot., Ex.1 (statement of Lucretia Pearce at ¶ 3). Shirlington's allegations are without merit.

---

[1] FAR 15.208(a) dictates that "[o]fferors are responsible for submitting proposals, and any modifications or revisions, so as to reach the Government office designated in the solicitation by the time specified in the solicitation." 48 C.F.R. § 15.208(a).

[2] Indeed, if the Agency agreed to consider Shirlington's proposal, it would be subject to protest by any of the other bidders who timely delivered their proposals to the correct address. See Hospital Klean of Texas, Inc. v. United States, 65 Fed. Cl. 618 (2005) (holding that agency improperly accepted untimely proposal).

The requirements for delivery of the proposal are unambiguously set forth in the solicitation itself. AR443 (Tab 17). Box 15 of the solicitation sets forth the delivery address as:

> Department of Homeland Security
> Office of Procurement Ops. (DO)
> 245 Murray Lane
> Building 410
> Washington, DC 20528

Shirlington was unquestionably aware of the correct delivery address, because the cover sheet of its proposal contained the correct address. AR512 (Tab 21). Because the solicitation is unambiguous and is not capable or more than one interpretation, the Court cannot resort to extrinsic evidence to clarify the solicitation's terms. See Banknote Corp. of Am., Inc. v. United States, 365 F.3d 1345, 1353 (Fed. Cir.2004). Incorporating extra-record evidence from testimony of Government employees into the solicitation would be to impermissibly rely on extrinsic evidence to interpret an otherwise plain and unambiguous term within the solicitation. See id. Therefore, Shirlington is not entitled to discovery regarding the interpretation of the solicitation and cannot rely upon any alleged ambiguity in the solicitation as grounds for discovery. See City of Tacoma Dept. of Pub. Utils. v. United States, 31 F.3d 1130, 1134 (Fed. Cir.1994) ("Outside evidence may not be brought in to create an ambiguity where the language is clear.").

**2. Additional Discovery Cannot Assist Shirlington In Meeting Any Of The Timeliness Exceptions Set Forth In FAR 15.208**

Shirlington cannot, as a matter of law, demonstrate that it meets any of the timeliness exceptions set forth in FAR 52.215-1(c)(3). The discovery sought by Shirlington – namely that Mr. Rumph had contact with other actual or potential offerors prior to the deadline for receipt of

proposals – cannot, even if proven, assist Shirlington in proving that its proposal was timely delivered.[3]

FAR 15.208 provides for the following limited timeliness exceptions:

> (b)(1) Any proposal, modification, or revision, received at the Government office designated in the solicitation after the exact time specified for receipt of offers is "late" and will not be considered unless it is received before award is made, the Contracting Officer determines that accepting the late offer would not unduly delay the acquisition; and--
>
> (i) If it was transmitted through an electronic commerce method authorized by the solicitation, it was received at the initial point of entry to the Government infrastructure not later than 5:00 p.m. one working day prior to the date specified for receipt of proposals; or
>
> (ii) There is acceptable evidence to establish that it was received at the Government installation designated for receipt of offers and was under the Government's control prior to the time set for receipt of offers; or
>
> (iii) It is the only proposal received.

48 C.F.R. § 15.208(b)(1)(i) - (iii) (emphasis added).

Each of these three limited exceptions apply only to proposals "received at the Government office designated in the solicitation." Id. Shirlington admits that it did not deliver its proposal to the office designated in the solicitation. Compl. at ¶ 41 (alleging that Shirlington delivered proposal to bid room at 7th and D Streets, N.W.); see also Compl. at Ex. 4 (statement of Lucretia Pearce acknowledging that she delivered proposal to GSA bid room at 7th and D Streets, N.W.). Moreover, since the December 19, 2006 deadline for receipt of bids, Shirlington has made no attempt to deliver its proposal the correct location at 245 Murray Lane. Therefore,

---

[3] Nothing prevented Shirlington from calling the Agency, at any time before the deadline for receipt of proposals, to obtain more explicit instructions to reach the delivery address.

Shirlington does not, and cannot, demonstrate that it meets any of the regulatory exceptions for untimely proposals.

Moreover, the discovery sought by Shirlington has no bearing on whether any of the timeliness exceptions apply to it. FAR 15.208(c) provides that the only "acceptable evidence to establish the time of receipt at the Government installation includes . . . oral testimony or statements of Government personnel." 48 C.F.R. § 15.208(c). Here, Shirlington seeks discovery to "explain whether the Agency had contact with other potential or actual offers [sic] at any time prior to the date that proposals were due." Mot. at 3. This information has nothing to do with when the Government may have received Shirlington's proposal (indeed, the administrative record establishes that the Agency has never received Shirlington's proposal at the designated location). Consequently, it has no bearing upon whether Shirlington could qualify for one of the regulatory exceptions.[4]

**B. The Administrative Record Is Complete And Adequately Explains The Agency's Refusal To Accept Shirlington's Untimely Proposal**

Shirlington's contention that additional discovery is necessary because the administrative record is incomplete is meritless. Mot. at 2-4. Even if the Agency's discussions with other offerors prior to the deadline for receipt of bids were relevant to the timeliness exceptions, the discovery sought by Shirlington duplicates information contained in the administrative record. Mr. Rumph's sworn statement is in the record and it explains the extent of his communications

[4] At most, information regarding the submission of other proposals demonstrates only that the delivery instructions in the solicitation were sufficiently clear to the other prospective bidders who successfully delivered their proposals to the correct location in a timely manner. See Community Heating & Plumbing Co., Inc. v. Kelso, 987 F.2d 1575, 1579 (Fed. Cir. 1993) (evidence of other offerors' interpretations considered in determining reasonableness of contractor's interpretation).

with other offerors regarding the delivery location. AR559 (Tab 31). In his statement, Mr. Rumph explains that he received two phone calls on the morning of December 19, 2006 requesting directions to the proposal delivery address and that he explained to each caller that the location was located on the Anacostia Naval Station. Id. He further stated that he gave no further directions to the callers. Id. Given this sworn statement, deposing Mr. Rumph would be a pointless and wasteful fishing expedition. Four Points by Sheraton v. United States, 63 Fed. Cl. 341 (2005) ( Agency decision is entitled to a presumption of regularity and "innuendo or suspicion is not enough to demonstrate bad faith and thus justify discovery.").

The Federal Acquisition Regulation clearly places the burden upon the offeror to transmit its proposal so as to reach the Government office designated in the solicitation by the time specified in the solicitation. FAR 15.208(a) provides that "[o]fferors are responsible for submitting proposals, and any modifications or revisions, so as to reach the Government office designated in the solicitation by the time specified in the solicitation." 48 C.F.R. § 15.208(a). Here, Shirlington did not seek to clarify the delivery location and never questioned the delivery instructions set forth in the solicitation prior to the deadline. If Shirlington believed that the proposal was ambiguous, it would have a duty to inquire. Conscoop-Consorzia Fra Cooperative Di Prod. E Lavoro v. United States, 62 Fed. Cl. 219, 233 (2004) (aff'd 159 Fed. Appx. 184 (Fed. Cir. 2005)) (holding that "if an ambiguity is obvious and a bidder fails to inquire with regard to the provision, his interpretation will fail."). On the day its proposal was due (December 19, 2006), Shirlington did not seek assistance from the agency regarding delivery. In fact, Shirlington did not become aware that its proposal was not timely filed until early January, when agency counsel informed Shirlington's counsel that the Agency had not received a proposal from

his client. AR255 (Tab 12). Despite Shirlington's counsel's imperious demands to agency counsel that the Agency retrieve Shirlington's proposal from the GSA bid room, AR530 (Tab 23), there is no legal obligation for the Agency to hunt down and retrieve a proposal submitted to the wrong location.

Additionally, Shirlington should not be entitled to rely upon the extra-record evidence contained in the statement of Lucretia Pearce, attached as Exhibit 1 to its motion, without leave of Court permitting it to supplement the record. See Mot. at 4 (citing declaration of Lucretia Pearce). As we demonstrate in our motion to strike the Pearce affidavit, filed contemporaneously with this opposition, the Pearce affidavit contains inadmissible hearsay, is misleading, factually inaccurate, and duplicative of information already contained in the administrative record. Because Shirlington has not met its burden of demonstrating that it should be entitled to supplement the record with the Pearce affidavit, it should not be entitled to rely upon the affidavit in support it motion to supplement the record with additional discovery.

## II. Shirlington Is Not Entitled to Depose Agency Employees Absent Specific Evidence Of Bad Faith

Shirlington is not entitled to take the depositions of the contract specialist involved in the solicitation because Shirlington has not cited record evidence of bad faith sufficient to overcome the presumption of regularity associated with the procurement decisions being challenged. Shirlington boldly claims that it is "necessary to supplement the administrative record with deposition [sic] to provide Plaintiff and the Court the opportunity to fully explore its allegations regarding the Agency's alleged improper refusal to accept its proposal." Mot. at 3 (emphasis added).

Government officials are presumed to act conscientiously and in good faith in the discharge of their duties. L.P. Consulting Group, Inc. v. United States, 66 Fed. Cl. 238, 243 (2005) (citing Spezzaferro v. Fed. Aviation Admin., 807 F.2d 169, 173 (Fed. Cir. 1986)). Proving that the Government acted in bad faith is intended to be very difficult. See Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1240 (Fed. Cir. 2002). In order to overcome the presumption that Government officials acted in good faith, a plaintiff must allege and prove, by clear and strong evidence, specific acts of bad faith upon the part of the Government. L.P. Consulting, 66 Fed. Cl. at 243 (citing Galen Med. Assocs., Inc. v. United States, 369 F.3d 1324, 1330 (Fed. Cir. 2004)). The level of proof to overcome this presumption is high, and has been equated with evidence of some specific intent to injure the plaintiff. Id. (citing Galen).

Here, Shirlington must prove that the Government took specific action and possessed the specific intent to harm it or to prevent it from bidding on the transportation contract. Information Technology & Applications Corp. v. United States, 316 F.3d 1312, 1323 (Fed. Cir. 2003); A-Transport Northwest Co. v. United States, 27 Fed. Cl. 206, 220 (1992). Shirlington, therefore, cannot show bad faith unless it demonstrates that the Government was motivated alone by malice. A-Transport at 220 (quoting Gadsden v. United States, 111 Ct. Cl. 487, 489-90 (1948)). The Court cannot infer bad faith merely from a series of events allegedly adverse to Shirlington's interests. Asco-Falcon II Shipping Co., v. United States, 32 Fed. Cl. 595, 604 (1994). For example, evidence that Mr. Rumph had contact with other actual or potential offerors regarding the delivery of their proposals is irrelevant, because even if this was proven, Shirlington would not have shown by such fact one scintilla of proof of a specific act of bad faith or malice, nor any

intent to injure Shirlington, on the part of the Government. Id. More tellingly, Shirlington cannot point to a single affirmative act that allegedly constitutes Government misconduct. All that Mr. Rumph did was sit by the phone and respond to two phone calls from prospective offerors. AR559 (Tab 31). This is not, and cannot, be considered Government misconduct. Information Technology & Applications Corp. v. United States, 316 F.3d 1312, 1323 (Fed. Cir. 2003) (upholding trial court's refusal to allow discovery regarding alleged bias in absence of record evidence of bias).

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court deny Shirlington's motion for leave to supplement the administrative record with expanded discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

OF COUNSEL:

ROSE J. ANDERSON
Attorney Advisor
General Law Division
U.S. Department of Homeland Security
Washington, DC 20528

April 27, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27th day of April, 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH EXPANDED DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kenneth D. Woodrow