IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| SHIRLINGTON LIMOUSINE & TRANSPORTATION, INC., Plaintiff, | ) | |
| v. | ) | No. 07-220C |
| THE UNITED STATES, Defendant. | ) | (Judge Braden) |

**DEFENDANT'S MOTION TO STRIKE AFFIDAVIT SUBMITTED WITH PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH EXPANDED DISCOVERY**

Defendant, the United States, respectfully requests that the Court strike the Affidavit of Lucretia Pearce, filed contemporaneously with Shirlington Limousine & Transportation, Inc.'s ("Shirlington") April 18, 2007 motion for leave to supplement the administrative record with expanded discovery, for the following reasons: (1) the affidavit is not part of the administrative record which, pursuant to 28 U.S.C. § 1491(b)(4), defines the scope of judicial review in this action; (2) Shirlington failed to file a motion for leave to supplement the administrative record with the Pearce affidavit and failed to consult with the undersigned counsel before attempting to supplement the record; and (3) the Pearce affidavit contains inadmissible hearsay, is factually inaccurate, and misleading. Additionally, we respectfully request that the Court strike those portions of Shirlington's motion that rely upon the statements made in the affidavit.

## ARGUMENT

### I. The Pearce Affidavit Is Not Part Of The Administrative Record

The Pearce affidavit that is attached to Shirlington's motion was executed after Shirlington commenced this action on April 4, 2007. It is, therefore, not part of the administrative record already filed with the Court and is not the subject of any motion by Shirlington to supplement the administrative record. Because none of the material that Shirlington attaches to its motion is part of the administrative record, the Court should strike that material.

This is a bid protest case. Judicial review of a bid protest decision is generally limited to "the administrative record already in existence, not some new record made initially in the reviewing court." Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 154 (1997) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). The Court should have before it neither more nor less information than did the agency when it made its decision. Id. Extra-record materials and post-hoc rationalizations should not be considered. Id.

Appendix C, paragraph 24, to the Court's rules states that "any additional documents within the administrative record shall be produced at such time as may be agreed to by the parties or ordered by the court." RCFC App. C, ¶ 24. Shirlington's counsel did not consult with the undersigned counsel before attaching the Pearce affidavit to his motion, nor did he file a motion to supplement the record with the Pearce affidavit. Even if inclusion of her affidavit in the administrative record were otherwise proper, plaintiff has failed to follow the necessary procedural requirements of filing a motion to supplement the record. See, e.g., Information Tech. & Applications Corp. v. United States, 51 Fed. Cl. 340, 355 n.26 (2001) (allowing

supplementation of administrative record with plaintiff's affidavit upon motion); MVM, Inc. v. United States, 46 Fed. Cl. 126, 135 n.14 (2000) (same). Therefore, the Court should strike the Pearce affidavit from the record of the case.

## II. The Affidavit Contains Statements That Are Misleading, Hearsay, And Are Not Based Upon The Affiant's Personal Knowledge

An independent reason to strike the Pearce affidavit is that it is filled with improper argumentation, statements not based upon personal knowledge, and hearsay. Courts have not hesitated to strike affidavits under such circumstances. See, e.g., MacMurry v. United States, 15 Cl. Ct. 323, 332 (1988) (striking portions of affidavit containing hearsay and conclusions not based upon personal knowledge); Hydro Eng., Inc. v. Landa, Inc., 231 F. Supp. 2d 1130, 1133 (D. Utah 2002) (striking portions of affidavit containing hearsay and lacking personal knowledge); Brew v. City of Emeryville, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) (striking declaration where many of declarant's statements "are hearsay, lack foundation, and form conclusions as opposed to state facts.").

The statements in the April 18, 2007 Pearce affidavit have been carefully crafted to foster an impression that agency personnel misled Shirlington regarding the location for delivery of its proposal. Close examination of the administrative record, however, reveals that the Pearce affidavit is misleading, contradicted by evidence in the administrative record, and contains multiple statements consisting of inadmissible hearsay. Most tellingly, the administrative record reveals that the cover sheet of Shirlington's proposal contains the correct delivery address as specified in the solicitation, indicating that Shirlington was fully aware of the correct delivery

address. See AR512 (proposal cover sheet containing correct delivery address of 245 Murray Lane, S.W., Building 410, Washington, DC 20528).

Lucretia Pearce's statement, in paragraph 2, that "Department of Homeland Security (DHS) personnel instructed us that 245 Murray Lane, SW, is synonymous with the GSA Building at 7th and D Streets, SW," is inadmissible hearsay. The statement is being offered to prove that the agency regarded the locations of 245 Murray Lane, SW and 7th & D Streets, N.W., to be "synonymous," but the statement is attributed to unknown personnel at the agency and, therefore, cannot be verified in any way. See Fed. R. Evid. 801-802.

Paragraph 5 contains multiple examples of inadmissible hearsay and misleading statements. For example, Lucretia Pearce avers that "Mr. Baker informed me that he had tried to contact Frank Rumph, but received voicemail." Aff. at ¶ 5. This is an example of inadmissable hearsay, in which the statement that "Mr. Baker . . . tried to contact Frank Rumph, but received voicemail" is being offered for the truth of the matter asserted, but is being reported by an affiant other than the actual declarant. See Fed. R. Evid. 801-802. Another example is the statement attributed to Shirley Turner, the agency's contracting officer for Shirlington's current transportation contract. In paragraph 5, Lucretia Pearce avers that Shirley Turner told her to "take [the proposal] to the building. Take it to Frank Rumph," implying that Shirley Turner instructed her to deliver the proposal to Frank Rumph's office at 7th and D Streets, N.W. This statement is objectionable for a multitude of reasons. First, it contains inadmissible hearsay because it is being offered to establish that Shirley Turner instructed Shirlington to deliver its proposal to the 7th and D Street location, but is being reported by an affiant other than the actual declarant. Second, Lucretia Pearce's statement that she made "an emergency call to . . . Ms.

Shirley Turner at 8:38am" is misleading, because the call was actually made on December 8, 2006, more than 10 days before the deadline for receipt of proposals and, therefore, not proximate in time to the 10:30am deadline on December 19, 2006. See Cellular Phone Records, attached as exhibit to Pearce Affidavit. Third, Shirley Turner is not the contracting officer for the solicitation at issue in this case and has no role in the agency's decision-making for this procurement. Therefore, her statements, even if true, have no bearing upon the issues in this case.

Paragraph 6 also contains inadmissable hearsay statements attributed to "the lady behind the counter" at the GSA Bid Room at 7th and D Street, NW, and misleadingly implies that this unnamed lady acknowledged that she was "DHS procurement personnel." Pearce Aff. at ¶ 6. This misleading implication is clearly contradicted by the administrative record, which contains a sworn statement from Aliza Brown, a contracting officer employed by the General Services Administration, who was present in the GSA bid room on December 16, 2006, and signed the receipt for Shirlington's proposal. AR 557 (Tab 30); AR 563 (Tab 34) (copy of receipt signed by Aliza Brown). Aliza Brown explained that she works for the GSA and was in the GSA Bid Room "solely for the purpose of retrieving bid/proposal packages received on December 14, 2006, in connected with the GSA procurement for which I was the Contracting Officer." Id. Aliza Brown stated that she did "not recall receiving a proposal for a Department of Homeland Security procurement" and makes no mention of any conversation with Lucretia Pearce. See AR 557-58 (Tab 30). The Pearce Affidavit is also contradicted by Lucretia Pearce's own statement in the administrative record. In her January 18, 2007 statement, included with Exhibit 4 to Shirlington's complaint, she discusses her actions in the GSA bid room on

December 19, 2006, but says nothing about asking anyone in the bid room whether the bid room was the "correct place to submit the proposal" or whether the employee was in any way affiliated with DHS. The misleading and self-serving statements in the April 18, 2007 Pearce affidavit should be stricken from the record of this case.

Paragraph 8 is also replete with inadmissable hearsay, including statements attributed to the "Chief of the bid room" and double hearsay attributed to "someone upstairs." These statements are not admissible under the Federal Rules of Evidence and should be stricken. They also are contradicted by record evidence set forth in the sworn statement of Carl Campbell, the Branch Chief of the GSA National Capital Region's Acquisition Management Division. AR 554-556 (Tab 29). Carl Campbell fully explains the encounter he had with Lucretia Pearce and Christopher Baker, Shirlington's President, on January 9, 2007, regarding the receipt of Shirlington's bid at the GSA Bid Room. Id. He also explained that the cover page of the proposal indicated that it was to be delivered to the Office of Procurement Operations, 245 Murray Lane, Building 410, Washington, DC 20528, and that it did not belong in the GSA bid room. Id.

Because the Pearce affidavit is misleading, redundant of information already in the administrative record, and contains multiple statements of inadmissible hearsay, it should be stricken from the record of this case.

**CONCLUSION**

For the reasons set forth above, we respectfully request that the Court grant our motion to strike the Pearce affidavit in its entirety as well as those portions of Shirlington's motion relying upon statements made in the affidavit.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

Attorneys for Defendant

OF COUNSEL:

ROSE J. ANDERSON
Attorney Advisor
General Law Division
U.S. Department of Homeland Security
Washington, DC 20528

April 27, 2007

CERTIFICATE OF FILING

I hereby certify that on this 27th day of April 2007, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE AFFIDAVIT SUBMITTED WITH PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD WITH EXPANDED DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kenneth D. Woodrow