IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| SHIRLINGTON LIMOUSINE & TRANSPORTATION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-220C |
| THE UNITED STATES, | ) | (Judge Braden) |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION**

Pursuant to the Court's July 9, 2007 order and Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully responds to the motion for partial reconsideration of plaintiff, Shirlington Limousine & Transportation, Inc. ("Shirlington").

**ARGUMENT**

RCFC 59(a) provides that "[a] new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between the private parties in the courts of the United States." To prevail upon a motion for reconsideration, the movant must point to a "manifest error of law or mistake of fact" and must do more than merely reassert "arguments which were previously made and were carefully considered by the court." Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003) (internal citations omitted). Rule 59(a) is "not intended to give an unhappy litigant an additional chance to sway the court." Pacific Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 782 (2006) (citing Cane Tenn., Inc. v. United States, 62 Fed. Cl. 703, 705 (2004)). Instead, the moving party therefore must show:

(1) that an intervening change in the law has occurred; (2) that evidence previously unavailable is now available; or (3) that the motion is necessary to prevent manifest injustice. Pacific Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 782 (2006). Here, Shirlington has failed to demonstrate any grounds upon which the Court should reconsider any portion of its judgment.

### A. Plaintiff's Motion Is Not Based Upon New Evidence Or A Change Of Law, But Is An Attempt To Relitigate Its Claims

Apparently conceding that it cannot establish either of the first two grounds for reconsideration, Shirlington states that "reconsideration is requested to prevent an unjust outcome." Pl. Mot. at 2. However, Shirlington proceeds to argue that "the Court improperly granted defendant's motion to dismiss," implying that certain factual matters were "confused" among the filings in the case.

No such confusion exists. The Court's opinion – and the administrative record – is quite clear regarding the facts of the case and the sequence of events that led to Shirlington's exclusion from the procurement process.[1]

Here, the chronology of events demonstrate that Shirlington's own choices – made with the assistance of counsel – resulted in Shirlington's exclusion from the procurement process. Shirlington had ample notice (and sufficient time) to bring a protest challenging the Agency's decision to set-aside the procurement for small businesses. On November 20, 2006, the Agency posted a Request for Proposals ("RFP" or "solicitation") on the FedBizOps website for the DHS-wide Transportation services requirement. Slip op. at 4. The solicitation stated that the

---

[1] Of course, to the extent that any confusion exists, it is entirely the fault of Shirlington, because Shirlington bears the burden of proof to demonstrate that it possesses standing. Myers Investigative and Security Svcs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04 (1998)).

procurement would be set-aside for small businesses and established a deadline of December 12, 2006 for the receipt of proposals. Id. The Agency later extended this deadline until December 19, 2006, in response to questions received from prospective offerors. Slip op. at 7. At any time prior to the December 19, 2006 deadline for receipt of proposals, therefore, Shirlington could have brought a protest regarding the terms of the solicitation.

Prior to December 19, 2006, Shirlington had a choice of forums and could have brought its protest before either the Government Accountability Office ("GAO") or the United States Court of Federal Claims. See Advanced Systems Development, Inc. v. United States, 72 Fed. Cl. 25, 30 (2006) (explaining differences between protest avenues). Because such a protest would have been brought before the deadline for the receipt of offers, Shirlington would undoubtedly have possessed standing in the Court of Federal Claims as a "prospective offeror." MCI Telecomm. Corp. v. United States, 878 F.2d 362, 365 (Fed. Cir. 1989) (holding that protestor may qualify as a prospective bidder until the proposal period ends).

In its motion for partial reconsideration, Shirlington continually makes reference to the "flawed solicitation" when referring to the procurement at issue here, implying that alleged flaws in the solicitation somehow prevented it from bringing a timely pre-award protest before the Court of Federal Claims. Mot. at 4-5. Shirlington's argument has no basis in fact. Shirlington has never disputed that it was eligible to submit a proposal in response to the solicitation. It attempted to do so, but failed to submit a timely proposal because it failed to comply with the delivery instructions set forth in the proposal. Slip op. at 21. Moreover, even if the alleged flaws in the solicitation would have rendered Shirlington ineligible to bid, it is likely that Shirlington could have established standing as a "prospective offeror" if it could demonstrate that it was

otherwise qualified to bid. See Management Solutions & Systems, Inc. v. United States, 75 Fed. Cl. 820, 826 (2007) (holding that plaintiff would have been qualified to compete if competitive bid process had occurred); also Myers Investigative & Sec. Serv., Inc. v. United States, 275 F.3d 1366, 1370-71 (Fed. Cir. 2002) (holding that in order to have standing to protest a sole-source award, a bidder must show that it would have been a qualified bidder).

Shirlington elected, with the advice of counsel, to bring its protest before the GAO. Slip op. at 6. In doing so, Shirlington effectively relinquished the ability to file a timely protest regarding the terms of the solicitation in the United States Court of Federal Claims. Slip op. at 14-15; see 4 C.F.R. § 21.11(b) ("GAO will dismiss any case where the matter involved is the subject of litigation before, or has been decided on the merits by, a court of competent jurisdiction."). Therefore, it was Shirlington's own choice that lead to its lack of standing before the Court of Federal Claims.

Shirlington's reliance upon KSD, Inc. v. United States, 72 Fed. Cl. 236 (2006), is unavailing. In finding that KSD possessed standing, the court relied upon KSD's allegations that the Army had wrongfully prevented KSD from obtaining the certification it needed in order to qualify as a prospective bidder for the contract. Id. at 247. It then held that the Army could not use the contractor's failure to qualify or bid on the solicitation as grounds for finding a lack of standing. Id. at 247-48. Unlike in the plaintiff in KSD, Shirlington was always eligible to submit a proposal for the DHS transportation contract. Moreover, in contrast to the court's findings in KSD, the Court here found that there was no evidence of "affirmative misdirection" by the Government or that it was "impossible" for Shirlington timely to submit the proposal to the correct location. Slip op. at 17. Instead, the Court found that Shirlington did not "act reasonably

in fulfilling its responsibility" to timely deliver its proposal. Id. (internal citations omitted).

Shirlington additionally suggests that it should possess standing in the Court of Federal Claims based upon Shirlington's earlier bid protest filing in the GAO. Mot. at 2-3. The Court has already addressed and rejected this argument in its opinion. Slip op. at 15. Moreover, this argument it at odds with dispositive Federal Circuit precedent. In Rex Service Corp. v. United States, 448 F.3d 1305 (Fed. Cir. 2006), the plaintiff filed an untimely protest in the Court of Federal Claims challenging the solicitation process. Relying upon its earlier holding in MCI Telecom, that the opportunity to become "prospective offeror" passed with proposal deadline, the court held that the fact that plaintiff had timely challenged solicitation before the GAO was irrelevant. 448 F.3d at 1308. Therefore, as the Court concluded in its opinion, Shirlington's GAO protest does not confer "prospective offeror" status for purposes of standing in the Court of Federal Claims. Slip op. at 15.

**B. Plaintiff Fails To Meet Standard Of "Manifest Injustice"**

Shirlington cannot meet the standard of "manifest injustice" to support its motion for partial reconsideration. "Manifest" is defined as "[c]learly apparent to the sight or understanding; obvious." American Heritage Dictionary, at 1064 (4th ed. 2000). The courts have followed this meaning, holding that "manifest injustice" refers to "injustice that is apparent to the point of being indisputable." Pacific Gas & Elec. Co., 74 Fed. Cl. at 785. Here, Shirlington's vague assertions of negative policy implications and its counsel's example of a pending case do not constitute "manifest injustice."

Shirlington asserts that one of the policy reasons behind the timely filing requirements for protesting the terms of a solicitation is to put the Government on notice of the alleged flaws in

the solicitation and to give the agency the opportunity to take swift action. Mot. at 6. This is certainly true. However, Shirlington argues that this policy is "subverted" by the Court's opinion, because "protestors would bypass the GAO, and instead go to the Court of Federal Claims to file virtually all of their pre-award protests for fear of losing their interested party status, and therefore having their cases dismissed if they do not go to Court before the solicitation's closing date." Id.

Additionally, Shirlington's counsel cites an example of a case he is handling in which a small business filed a protest in the GAO challenging an agency's decision to "bundle" certain requirements into a single solicitation. Shirlington's counsel claims that the small business would be foreclosed from bringing a protest in the Court of Federal Claims if it loses in the GAO because it could not be an "actual offeror" under the original, flawed solicitation.

Far from being examples of "manifest injustice," the concerns cited by Shirlington illustrate precisely what is at stake in the choice of forums: a protestor wishing to challenge the terms of a solicitation must chose whether to bring its protest before either the GAO or the Court of Federal Claims, or risk waiving its right to challenge a patent defect in a solicitation. Moreover, the specific example raised by Shirlington's counsel has nothing to do with the instant case, because Shirlington was never foreclosed from becoming an "actual offeror" by timely filing a proposal in response to the solicitation.

The Federal Circuit recently expressed its support for the waiver rule. It held, in a case of first impression, that "a party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of

Federal Claims." Blue & Gold Fleet, L.P. v. United States, ___ F.3d ___, 2007 W.L. 1815678, at *3. In applying the waiver rule to bid protests in the Court of Federal Claims, the Federal Circuit expressed support for the similar rule in GAO's bid protest regulations. Id.; see 4 C.F.R. § 21.2(a)(1) (requiring that "protests based upon alleged improprieties in a solicitation which are apparent prior to bid opening or the time set for receipt of initial proposals shall be filed prior to bid opening or the time set for receipt of initial proposals.").

Here, the initial choice of bid protest avenues was up to Shirlington. Having made its decision to proceed before the GAO, and having lost on the merits of its protest, Shirlington now must live with the consequences of that choice. Shirlington is not entitled to a second "bite at the apple" in the Court of Federal Claims.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court deny Shirlington's motion for partial reconsideration.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530
Phone: (202) 353-0513
Fax: (202) 514-7976

OF COUNSEL:

ROSE J. ANDERSON
Attorney Advisor
General Law Division
United States Department of
Homeland Security
Washington, DC 20528

July 25, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of July, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kenneth D. Woodrow